```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | |
|---|---|
| **RICKEY RANKIN,** | * |
| Petitioner, | * |
| vs. | *   CIVIL ACTION 05-00684-KD-B |
| **GRANTT CULLIVER,** | * |
| Respondent. | * |

### REPORT AND RECOMMENDATION

Rickey Rankin, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 7). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Secretary for Dep't of Corrections, 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the petition be dismissed as barred by the statute of limitations.

### I. PROCEDURAL HISTORY

Petitioner Rickey Rankin was convicted on October 23, 1986, by a jury in the Mobile County Circuit Court of capital murder, for which he received a sentence of life imprisonment without parole.

(Doc. 7; Doc. 14, Ex. 1-A). Rankin filed a timely appeal in the Alabama Court of Criminal Appeals, which affirmed his conviction and sentence on May 10, 1988.[1] (Doc. 14, Ex. 1-A). Rankin's application for rehearing was overruled on August 24, 1988. Subsequently, the Alabama Supreme Court quashed Rankin's petition for writ of certiorari on March 17, 1989[2], and the Alabama Court of Criminal Appeals issued a certificate of judgment affirming Rankin's conviction and sentence on that same day. (Doc. 14, Ex. 3).

On October 2, 1992, Rankin filed a petition for habeas corpus relief with the trial court, which was treated as a petition under Rule 32 of the Alabama Rules of Criminal Procedure.[3] The trial court, on November 19, 1992, denied Rankin's Rule 32 petition as successive and time-barred.[4] More than eleven (11) years later, on April 8, 2004, Rankin filed a second Rule 32 petition, which was summarily denied by the circuit court on May 24, 2004. (Doc. 14, Exs. 1-A & 3). Rankin then filed a motion to alter, amend, and

---

[1] Rankin v. State, 541 So. 2d 577 (Ala. Crim. App. 1988).

[2] Ex parte Rankin, 541 So. 2d 582 (Ala. 1989).

[3] Ala. R. Crim. Pro. 32.4 specifically provides that, except for post-trial motions under Rule 24 and appeal, "any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under [Rule 32]."

[4] The record does not reflect, and Rankin does not allege that any appeal was taken of the trial court's denial of his first Rule 32 petition.

vacate the judgment and a motion to amend his petition on June 14, 2004. (Doc. 14, Ex. 1-A). Subsequently, the trial court denied both of Rankin's motions to amend as untimely. (Doc. 14, Ex. 3).

Rankin appealed, and on October 29, 2004, the Alabama Court of Criminal Appeals affirmed, by memorandum opinion, the trial court's summary denial of Rankin's Rule 32 petition for post-conviction relief.[5] Rankin's subsequent application for rehearing was denied, and the Alabama Court of Criminal Appeals issued a certificate of judgment on November 17, 2004. (Doc. 14, Ex. 5). The record does not indicate that Rankin sought certiorari review from the Alabama Supreme Court. (Doc. 14).

Rankin filed the instant petition for habeas corpus relief on November 12, 2005.[6] (Doc. 1). In his petition, Rankin contends 1) that the trial court erred with respect to all of the claims raised in the direct appeal of his conviction[7]; 2) that the trial court

---

[5] Rankin v. State, 923 So. 2d 351 (Ala. Crim. App. 2004).

[6] Although Rankin's petition was filed in this Court on November 22, 2005, a pro se inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 275, 108 S. Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Washington v. United States, 243 F.3d 1299 (11th Cir. 2001). Although Rankin did not sign the petition (Doc. 1), the Court will, however, give him the benefit of the doubt and assume he tendered his petition to prison officials for mailing on the date noted on the petition. Accordingly, the Court construes the date adjacent to the signature line, November 12, 2005, as the date of filing.

[7] In the direct appeal of his conviction, Rankin alleged that: 1) the testimony of a police dispatcher was inadmissible as violative of Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16

lacked jurisdiction to enter the conviction and impose sentence because the indictment was void for failing to allege the essential elements of the capital murder statute; 3) that the trial court lacked subject matter jurisdiction to render judgment or impose sentence where the clerk failed to comply with Ala. Code § 12-6-170 (1975) and administer the oath to the petit jurors, thereby denying Rankin his rights under the Sixth and Fourteenth Amendments; 4) that the trial court erred in failing to address the merits of Rankin's claims when it treated his petition for state post-conviction relief as a Rule 32 petition and thereby denied him his right to due process and access to the courts; 5) that the trial court erred in failing to address the merits of Rankin's claims that the indictment was void; 6) that newly discovered evidence demonstrates that the Alabama Forensic Science Crime Laboratory's testing procedures were performed deficiently; and 7) that he is innocent. (Doc. 7).

Respondent's Answer to Rankin's habeas petition (Doc. 14)

---

L. Ed. 2d 694 (1966); 2) because Petitioner raised a plea of not guilty by reason of insanity, the trial court's charge to the jury that "every person over the age of 14 is presumed by the law to be responsible for his acts" was improper as a violation of due process and the United States Supreme Court's holding in Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979); 3) the trial court erred in giving three jury instructions requested by the State concerning the theft of a gun and in failing to give Petitioner's requested jury charges as to compulsion or duress; 4) the trial court erred by stating that self-defense was part of the reasonable doubt standard and was not an affirmative defense. See Rankin v. State, 541 So. 2d 577 (Ala. Crim. App. 1988).

contains the defense that Petitioner is not entitled to habeas corpus review because his petition is barred by the one-year limitation period set forth in the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. Section 2244(d)(1).

## II. CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his habeas petition within one year of the date on which his conviction becomes final by "conclusion of direct review, or the expiration of the time for seeking such review."  A judgment becomes "final" on the date on which the U.S. Supreme Court issues a decision on the merits of the petitioner's direct appeal, denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed such a petition. Bond v. Moore, 309 F.3d 770, 773 (11th Cir. 2002).  The Act provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

    For prisoners convicted *prior* to the enactment of the AEDPA, the one year statute of limitations is considered to run from the Act's effective date of April 24, 1996. Drew v. Department of Corrections, 297 F.3d 1278, 1283 (11th Cir. 2003); Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1085, 120 S. Ct. 811, 145 L. Ed. 2d 683 (2000). Thus, the AEDPA's statute of limitations for inmates seeking to attack convictions which became final *prior* to April 24, 1996, is April 23, 1997.

    In the case at bar, Rankin did not seek certiorari review in the United States Supreme Court following his direct appeal. As a result, his conviction became final on June 15, 1989, that is, ninety (90) after the Alabama Supreme Court quashed Petitioner's application for writ of certiorari during his direct appeal. Because Rankin's conviction became final *prior* to enactment of the AEDPA, his petition for habeas corpus relief should have been filed no later than April 23, 1997. The record reflects however that

Rankin did not file his habeas corpus petition until November 12, 2005, more than eight (8) years after the statutory deadline had expired. Thus, unless Rankin can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). Although Rankin filed two (2) Rule 32 petitions, the first petition was not 'properly filed,' and neither petition was pending during the running of the limitation period.

In determining if a state petition is properly filed, deference is given to a state court's determination that a petitioner's post-conviction petition is untimely under state law. Wade v. Battle, 379 F.3d 1254, 1259-60 (2004) ("The Supreme Court in Artuz determined that 'an application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.'... The Supreme Court explained that laws and rules governing filings 'usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.'") (citing Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000)); Sweet v. Secretary, Dep't of

Corrections, 467 F.3d 1311, 1316 (11th Cir. 2006) ("Recently, the Supreme Court squarely addressed the question it left open in Artuz. In Pace v. DiGuglielmo, the Court held that a state post-conviction petition rejected by the state court as being untimely under state law is not 'properly filed' within the meaning of AEDPA's § 2244(d)(2).  544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)."). In the instant case, Rankin's first application for state post-conviction relief, filed October 2, 1992, was denied by the trial court as untimely; thus, it had no tolling effect on the statute of limitations as it was not properly filed within the meaning of § 2244(d)(2).

Additionally, assuming *arguendo* that Rankin's initial Rule 32 petition was properly filed, that case concluded on December 31, 1992 after the trial court denied the petition as successive and time-barred, and after the 42 day period to appeal provided for by Ala.R.App.P. 4(b)(1)[8] had expired. Given that the initial Rule 32 proceeding had concluded well before the AEDPA one-year statute of limitations began to run on April 24, 1996, the Rule 32 proceeding was not pending during the limitations period and therefore, could not have tolled the limitations period.  "[E]ven 'properly filed'

---

[8] "In a criminal case, [Alabama requires that] a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)." Ala.R.App.P. 4(b)(1).  See also Ala.R.Crim.Pro. 32.10(a).

state court-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Thus, Rankin's first petition could not work to toll the AEDPA's statute of limitations.

Moreover, Rankin's second petition was not pending during the running of the limitation period as it was not filed until April 8, 2004, which is *after* the one year AEDPA limitation period had expired.  "A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster, 199 F.3d at 1259; see also Tinker v. Moore, 255 F.3d 1333, 1335. n.4 (11th Cir. 2001)("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.")(citation omitted). Accordingly, Rankin's second Rule 32 petition, filed on April 8, 2004, did not toll the limitations period because that period had already expired nearly 7 years earlier, on April 23, 1997, by the time the second Rule 32 petition was filed. Consequently, because neither of Rankin's applications for state post-conviction relief tolled the habeas limitations period, his

federal habeas petition was untimely filed.

Before recommending dismissal of Rankin's habeas petition as untimely, the undersigned must determine whether he has pled extraordinary circumstances which require a contrary conclusion. The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar.  Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." <u>Sandvik v. United States</u>, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly.  <u>See</u> <u>Irwin v. Dep't Of Veterans Affairs</u>, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

<u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000).  <u>See</u> <u>also</u> <u>Miller v. New Jersey State Dep't of Corrections</u>, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient.").  Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction."  <u>Helton v. Secretary of</u>

Dep't of Corrections, 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Dep't of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Rankin has not established a basis for equitable tolling of the statutory limitations period. As noted above, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. Steed, 219 F.3d at 1300. The burden firmly rests with Petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Drew, 297 F.3d at 1286.

In the Court's Order entered following a review of Respondent's Answer, Petitioner was directed to submit a statement as to why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d)(1) as time-barred. (Doc. 19). Rankin did not respond to the Court's Order but instead filed a motion for extension of time to respond to Respondent's Answer.[9] Subsequent thereto, Rankin submitted a response (Doc. 23) wherein he merely

---

[9] Petitioner also filed a motion to amend his habeas petition (Doc. 15) and a request for appointment of counsel and an expert (Doc. 20). The Court directed Petitioner to file a statement of the reasons why his proposed amendment should not be denied as untimely, and thus, futile. (Doc. 19). Petitioner failed to respond to the Court's Order, and as a result, in an Order dated September 28, 2007, Petitioner's motion to amend his petition was denied due to his failure to comply with the Court's Order. (Doc. 21). In addition, Petitioner's request for appointment of counsel and an expert was denied on February 1, 2008. (Doc. 22).

repeats claims found in his petition surrounding the adjudication of his state post-conviction proceedings. Petitioner has not provided any justification for the untimely filing of his habeas petition in this Court. He has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. Consequently, Rankin has failed to present any evidence which demonstrates that he is entitled to the equitable tolling of the AEDPA's statutory limitations period.

Rankin instead argues that he is actually innocent of the crime for which he was convicted.[10] (Doc. 7, p. 21). In order to demonstrate actual innocence in a post-conviction proceeding, a

---

[10] The 11th Circuit has never held that 2244(d)'s limitation period carries an actual innocence exception. Taylor v. Secretary, Dep't of Corrections, 230 Fed. Appx. 944, 945 (11th Cir. 2007) ("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."). But cf. U.S. v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2000) ("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by Appellant's failure to timely file his § 2255 motion."). However, several other circuits have recognized such an exception. See, e.g., Souter v. Jones, 395 F.3d 577 (6th Cir. 2005); Flanders v. Graves, 299 F.3d 974 (8th Cir. 2002). Assuming, without deciding, that a petitioner's actual innocence might support an equitable tolling of the limitation period, Rankin, nevertheless, has failed to make a substantial showing of actual innocence.

petitioner must first "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."[11] Schlup v. Delo, 513 U.S. 298, 324 (1995).  The evidence presented must support the proposition that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 327 (internal quotations omitted). "A petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327.  In other words, Rankin must persuade this Court "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id.

In the case sub judice, Rankin has offered no proof or evidence to support his claim of innocence.  Moreover, a review of the record does not reveal any evidence which would tend to support his contention that he is actually innocent.  In his filings, Rankin makes a fleeting reference to innocence in his amended petition, but he does not address the issue in his response to

---

[11]Petitioner points to the fact that the Alabama Forensic Science Crime Laboratory was not accredited by the American Society of Crime Laboratory Directors/Laboratory Accreditation Board until 2003 as newly-discovered evidence.  However, without presenting evidence or proof in support thereof, Petitioner appears to assert that lack of accreditation somehow suggests that testing procedures used were deficiently performed. (Doc. 7).

Respondent's Answer. See (Doc. 7, p. 21; Doc. 23).  In sum, Petitioner has not provided the Court with any credible new evidence, through scientific or physical evidence or new eyewitness testimony, to support his claim of actual innocence. Thus, he has failed to make a colorable showing of actual innocence.

Where Respondent has asserted the defense of statute of limitations and Petitioner has failed to meet his burden of establishing the existence of extraordinary circumstances which would justify the equitable tolling of AEDPA's limitation period, the undersigned must recommend that this case be dismissed as time-barred.  Accordingly, the undersigned finds that because Rankin has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and that judgment be entered in favor of Respondent.

### III. CONCLUSION

For the reasons set forth above, it is the opinion of the undersigned Magistrate Judge that Rankin's petition for habeas corpus relief be **DENIED**.  It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this **29th** day of **December, 2008.**

      **/s/ SONJA F. BIVINS**
      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                  **/s/ SONJA F. BIVINS**
                          **UNITED STATES MAGISTRATE JUDGE**