IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICKEY RANKIN,** | ) | |
| Petitioner, | ) | |
| vs. | ) | CIVIL ACTION 05-00684-KD-B |
| **GRANTT CULLIVER,** | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the court on the report and recommendation filed by the Magistrate Judge and petitioner's objections (docs. 25, 30). Petitioner objects to the recommendation that his petition be dismissed with prejudice as time barred. Petitioner argues that if the Magistrate Judge had applied 28 U.S.C. § 2244(d)(1)(D) in its calculation and used the date when petitioner discovered the new evidence that the Alabama Department of Forensic Science and its laboratories were fatally deficient and not accredited by the American Society of Crime Laboratory Directors at the time of petitioner's trial, specifically April 2004, as the triggering date, then his petition would be timely. Petitioner argues that forensic evidence was material and crucial to his conviction and this new evidence regarding accreditation demonstrates that the testimony and evidence should have been excluded at trial.

However, the court finds that application of § 2244(d)(1)(D) is not warranted because petitioner has failed to give a factual basis for his claim that has merit. In other words, he has not shown that the alleged lack of accreditation of the Department and its laboratories had any effect on his conviction. Petitioner's conclusory statement that had he known of the deficiencies at the time of trial, there is a reasonable probability that he would not have been convicted, is

insufficient.  See Drew v. Department of Corrections, 297 F.3d 1278, 1293 (11th Cir. 2002) (finding that "[i]n light of the wholly conclusory nature of Drew's recently-presented allegations and in the absence of supporting evidence, the district court did not abuse its discretion in deciding not to hold [an evidentiary] hearing); Lowery v. Cummings, 255 Fed.Appx. 409, 420-421 (11th Cir. 2007) (finding that petitioner's "speculative and conclusory" allegations without reference to "any specific evidence that the alternate jurors were unqualified or not competent to serve" failed to demonstrate prejudice resulting from his attorney's failure to object to an alleged structural error, i.e., the inadvertent substitution of jurors) (citing Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir.1991) (noting that a petitioner is not entitled to an evidentiary hearing as to federal habeas corpus relief when the "claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible") (quotations and citation omitted)).

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the recommendation to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court, and it is **ORDERED** that petitioner's action be dismissed with prejudice as time-barred.

**DONE** this 5th day March, 2009.

      s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**